UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVE MORGAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

COUNTY OF YOLO, a political subdivision of the State of California, E. G. PRIETO, individually and in his capacity as Sheriff for the County of Yolo,

    Defendants.

No. 2:03-cv-2228-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

Through the present lawsuit, Plaintiff Dave Morgan ("Plaintiff") seeks judicial determination that enforcement of his Employment Contract with Defendant County of Yolo would violate the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") as well as the provisions of 42 U.S.C. § 1983 and various state laws.

///

///

1

Both the County of Yolo and the remaining named Defendant, Sheriff E. G. Prieto, now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)[1] on grounds that the County has dismissed, with prejudice, its lawsuit seeking to enforce the contractual provisions objected to by Plaintiff. Because the whole of Plaintiff's lawsuit derives from the alleged impropriety of said provisions, Defendants contend that this entire matter has been rendered moot and request that judgment accordingly be entered on their behalf. As set forth below, the Court agrees that since Defendants have definitively abandoned any further attempts to enforce the employment contract against Plaintiff, Plaintiff no longer has any justiciable controversy for which any relief can be afforded. Judgment on the pleadings will therefore be granted.

**BACKGROUND**

In 2001, after working as a non-sworn correctional officer for Defendant County of Yolo for some nine years, Plaintiff applied for and was offered a position as a higher-paying entry level Deputy Sheriff position. (Pl.'s Compl., ¶ 16). As a precondition to that offer, Plaintiff was asked to sign and did execute an employment contract pursuant to which he agreed to repay the County for both academy training and background investigation costs in the event he terminated his employment within thirty-six months.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

The amount of those costs was described in the contract as totaling $6,682.00 (and was broken down to $5,062.00 for basic academy training and $1,062.00 for the requisite background check). The amount of repayment varied according to how far Plaintiff's period of employment fell short of three years. (Id. at ¶ 17; see Employment Contract attached as Exhibits "A" and "B" to Pl.'s Compl). Plaintiff signed the Employment Contract on November 5, 2001, the same day he was sworn into the Deputy Sheriff position. Id.

On or about August 8, 2002, less than one year after signing the above-described agreement, Plaintiff left his employment with Yolo County and moved to Pennsylvania. Id. at ¶ 19. Thereafter, on August 28, 2002, the County filed suit in Yolo County Superior Court seeking to enforce the reimbursement provisions of Plaintiff's Employment Contract. Plaintiff countered by filing the instant federal action on October 27, 2003. The present action seeks, *inter alia*, a judicial declaration that Plaintiff's Employment Contract is void, restitution of any seized or unpaid wages, liquidated damages under the FLSA, and compensatory damages under 42 U.S.C. § 1983. Plaintiff further requests injunctive relief, both personally and on behalf of others potential FLSA class members he purports to represent.

By Order filed January 23, 2004, the Court stayed any further proceedings in this action until such time as a final determination was made in the parallel state lawsuit, on grounds that disposition of that case would directly impact the issues presented by the case at bar. Plaintiff appealed that determination to the Ninth Circuit.

3

1  While that appeal was pending, the County of Yolo dismissed the
2  state court action without prejudice.  That prompted the Ninth
3  Circuit to conclude, by Memorandum Disposition filed November 15,
4  2005, that Plaintiff's appeal from the stay order was moot.  The
5  Court nonetheless declined to find that the entire case had been
6  mooted, explaining as follows:

> "The dismissal of the County's action without prejudice does
> not preclude it from continuing to press its contract claim,
> and does not meet the stringent mootness standards regarding
> the case itself.  Also, the controversy that Morgan has with
> the County and the Sheriff is not resolved."

(Mem. Dispo., p. 3, Ex. "C" to the Decl. of J. Scott Smith).

Following the Ninth Circuit's ruling, the County amended its dismissal of the state court action to dismiss the case "with prejudice".  (Smith Decl., Ex. "D").[2]  Plaintiff's subsequent refusal to voluntarily dismiss this action prompted Defendants to file the present motion.

**STANDARD**

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Fed. R. Civ. P. 12(c).

///

---

[2] The Smith Declaration requests that various related pleadings be judicially noticed, including the amended complaint in the state court action, the dismissals of that action, and the Ninth Circuit's Memorandum Disposition.  That request is unopposed and is hereby granted pursuant to Federal Rule of Evidence 201.  Plaintiff's request that other documents generated by the state court action, including the motion for award of statutory attorney's fees and costs and the order entered thereon, is also unopposed and thereby granted.

4

1 A Rule 12(c) motion challenges the legal sufficiency of the
2 opposing party's pleadings and operates in much the same manner
3 as a motion to dismiss under Rule 12(b)(6).  <u>Irish Lesbian and</u>
4 <u>Gay Org. v. Giuliani</u>, 143 F.3d 638, 644 (2nd Cir. 1998).  The
5 primary distinction between a Rule 12(b)(6) motion and a motion
6 for judgment on the pleadings is one of timing.  Rule 12(b)(6)
7 motions are typically brought before the defendant files an
8 answer, while a motion for judgment on the pleadings can only be
9 brought after the pleadings are closed.  Fed. R. Civ. P. 12(c);
10 <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999).
11      Judgment on the pleadings is appropriate if, assuming the
12 truth of all materials facts pled in the complaint, the moving
13 party is nonetheless entitled to judgment as a matter of law.
14 <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d
15 1542, 1550 (9th Cir. 1989).  In addition to considering the
16 allegations of the complaint, like a motion under Rule 12(b)(6)
17 the court may also take into account materials to which it can
18 take judicial notice.  <u>Heliotrop Gen., Inc. v. Ford Motor Co.</u>,
19 189 F.3d 971, 981 (9th Cir. 1999).  A Rule 12(c) Motion for
20 Judgment on the Pleadings may consequently be granted if, after
21 assessing both the complaint, plus matters for which judicial
22 notice is proper, it appears "beyond doubt that the [non-moving
23 party] cannot prove any facts that would support his claim for
24 relief..."  <u>R. J. Corman Derailment Services, LLC v. Int'l Union</u>
25 <u>of Operating Engineers, Local 150, AFL-CIO</u>, 335 F.3d 643, 647
26 (7th Cir. 2003).
27 ///
28 ///

5

**ANALYSIS**

Examination of Plaintiff's Complaint show that both damages, declaratory relief and injunctive relief are requested, all stemming from the reimbursement provisions contained in Plaintiff's Employment Contract.  For a First Cause of Action, Plaintiff alleges that his Employment Contract with the County of Yolo violates the provisions of the Fair Labor Standards Act ("FLSA").  The FLSA's wage and hour provisions operate to ensure that certain minimum hourly wages, plus additional overtime compensation, are paid.  29 U.S.C. §§ 206, 207; Mid Continent Pipeline v. Hargrave, 129 F.2d 625, 658 (10th Cir. 1942). Plaintiff claims that the Employment Contract runs afoul of the FLSA because, to the extent it may require that wages be repaid upon termination, the Court could impermissibly reduce those wages to below minimum levels.  The damage provisions of the FLSA, however, make it clear that damages are payable only to recover "unpaid minimum wages".  29 U.S.C. § 216(b) states as follows:

> "Any employer who violates the provisions of Section 6 or Section 7 of this Act (29 U.S.C. §§ 206 or 207) shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

Now that Defendants have dismissed their state action to collect for reimbursement under the terms of Plaintiff's Employment Contract, with prejudice, there obviously can be no "minimum unpaid wages" for which liability can attach under the FLSA.

6

1 Consequently judgment as to the First Cause of Action is proper.
2      The remaining claims pled in Plaintiff's Amended Complaint
3 also fail because they are factually predicated on the same
4 underlying controversy with respect to the Employment Contract –
5 a controversy that is now resolved with the County's dismissal
6 with prejudice of its reimbursement lawsuit.  Plaintiff alleges
7 that enforcement of the Contract would also constitute a
8 deprivation of his civil rights under 29 U.S.C. § 1983 (Second
9 Cause of Action), and that the Employment Contract similarly
10 violates various provisions of California law, as alleged in the
11 Third through Eighth Causes of Action.  All these claims either
12 challenge enforcement of the provisions of Plaintiff's Contract
13 or allege that the County's requirement that the Contract be
14 executed was unlawful in the first instance.
15      Under either alternative, the County's abandonment of the
16 Employment Contract as to Plaintiff entirely moots any contract
17 he may have with the County.  The Ninth Circuit did not dispose
18 of the entire lawsuit on mootness grounds only because the
19 County's initial dismissal was made without prejudice, such that
20 the County could potentially have reactivated its claims against
21 Plaintiff.  The Court rejects Plaintiff's tortured reading of the
22 Court's language to suggest anything otherwise.  Read as a whole,
23 that language unmistakably indicates that dismissal of prejudice
24 would extinguish the entire lawsuit.
25      Dismissal is completely compatible with the fundamental
26 judicial maxim that federal jurisdiction is limited to a
27 justiciable case or controversy. See Friends of the Earth v.
28 Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000).

7

When a case becomes moot, the resulting lack of such a case or controversy deprives the court of any ongoing jurisdiction. See Kremens v. Bartley, 430 U.S. 119, 128-29 (1977). Mootness occurs when the issues presented are either no longer live, or when the parties otherwise lack a legally cognizable interest in the outcome of the litigation. City of Erie v. Paps A.M., 529 U.S. 277, 287 (2000). If, for example, effective relief can no longer be had, the case is moot. Or. Bureau of Labor and Indus. v. U.S. W. Communications, Inc., 288 F.3d 414, 416 (9th Cir. 2002).

In the present case, it is plain that Plaintiff is no longer entitled to any effective relief given the County's dismissal of their claims against him under the Employment Contract. In the wake of that dismissal, Plaintiff no longer has any legally cognizable interest in the outcome of these proceedings, as he must in order to avoid mootness as to his particular case. He cannot recover damages under the FLSA as stated above.[3] As an individual, Plaintiff also has no standing to seek injunctive relief under the FLSA, a fact he concedes. (Pl.'s Opp., 9:14-16).

///
///

---

[3] While Plaintiff attempts to identify recoverable damages apart from any unpaid minimum wage under the FLSA, his attempt to do so is unavailing. Plaintiff argues that he should be entitled to recover some $32,883.50 in attorneys fees and costs incurred in litigating the state action. (Pl.'s Opp., 8:23-25). As Plaintiff's own request for judicial notice makes clear, however, the state court has already denied that request. (See Pl.'s Request for Judicial Notice as to Exhibits "A" and "B" attached to the Decl. of Jon Webster). Principles of *res judicata* prevent Plaintiff from now attempting to relitigate his entitlement to those same expenses in this lawsuit.

1  Any request for declaratory relief as to Plaintiff's Employment
2  Contract is moot since there is no longer any ongoing attempt to
3  enforce that agreement, making needless a declaration from the
4  Court as to the existing rights of the parties thereto.
5  <u>Headwaters, Inc. v. Bureau of Land Mgt.</u>, 893 F.2d 1012, 1015-16
6  (9th Cir. 1990).  The same mootness doctrine dooms Plaintiff's
7  attempted claim under Section 1983, which alleges that his
8  constitutional rights would be violated by enforcement of the
9  Contract, as well as his attempted claims under state law also
10 stemming from the Contract.  Finally, while Plaintiff attempts to
11 make FLSA class action allegations aimed at others who have been
12 saddled with similar employment agreements, since he no longer
13 has any viable FLSA claim himself he lacks standing to pursue
14 claims on behalf of others.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

9

**CONCLUSION**

Based on the foregoing, Defendants are entitled to judgment on the pleadings since Plaintiff no longer has any justiciable controversy with respect to any of the claims advanced against them. Defendants' Motion is accordingly GRANTED.[4] No leave to amend will be permitted.

IT IS SO ORDERED.

DATED: June 29, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

10