UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVE MORGAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

COUNTY OF YOLO, a political subdivision of the State of California, E. G. PRIETO, individually and in his capacity as Sheriff for the County of Yolo,

    Defendants.

No. 2:03-cv-2228-MCE-JFM

ORDER

----oo0oo----

Plaintiff Dave Morgan ("Plaintiff"), a former Deputy Sheriff with Defendant County of Yolo ("County"), instituted this lawsuit to obtain a judicial determination that enforcement of his Employment Contract with the County would violate the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") as well as the provisions of 42 U.S.C. § 1983 and various state laws.

///
///

1

In executing that Employment Contract, Plaintiff agreed to repay the County for both academy training and background investigation costs in the event he terminated his employment as a Deputy Sheriff within the first thirty-six months.  The County filed suit against Plaintiff in state court to recoup its costs in that regard when Plaintiff left his employment less than a year after signing his employment agreement.  Plaintiff responded by instituting the present action, and by Memorandum and Order filed June 29, 2006, this Court granted Defendants'[1] Motion for Judgment on the Pleadings on grounds that this action became moot once the County dismissed the underlying state court action, with prejudice, on November 23, 2005.  Defendants now move to recover attorneys' fees under 28 U.S.C. § 1927 on grounds that Plaintiff "unreasonably and vexatiously" prolonged this case by refusing to dismiss this case following dismissal of the state action. Defendants alternatively contend that Plaintiff's claim premised on 42 U.S.C. § 1983 lacked merit from the onset.  They consequently seek to recoup $43,799.00 in attorneys' fees (for defense of this action from start to finish), arguing that because Plaintiff § 1983 claim was both "frivolous, unreasonable or without foundation" and "inexorably intertwined" with the remainder of the lawsuit, any apportionment of defense costs between the § 1983 claim and other claims asserted by Plaintiff in his lawsuit is impossible.

---

[1] Plaintiff named Yolo County Sheriff E. G. Prieto as a Defendant along with Yolo County itself.

2

1 As set forth below, Defendants' Motion is granted, in part.[2]

2     28 U.S.C. § 1927 allows the Court to sanction a party for
3 unreasonably and vexatiously prolonging a case. Permissible
4 sanctions include attorneys' fees reasonably incurred as a result
5 of the offending party's conduct, with the statute providing as
6 follows:

7         "Any attorney or other person admitted to conduct cases in
        any Court of the United States or any Territory thereof who
8         so multiplies the proceedings in any case unreasonably and
        vexatiously may be required by the court to satisfy
9         personally the excess costs, expenses, and attorneys' fees
        reasonably incurred because of such conduct."
10

11 The "unreasonable and vexatious" requirement of § 1927 is
12 tantamount to a finding of subjective bad faith present when an
13 attorney knowingly or recklessly raises a frivolous argument or
14 unmeritorious claim for purposes of harassing an opponent. <u>New</u>
15 <u>Alaska Dev. Corp. v. Guetschow</u>, 869 F.2d 1298, 1306 (9th Cir.
16 1989); <u>Estate of Blas v. Winkler</u>, 792 F.2d 858, 860 (9th Cir.
17 1986).

18     According to Defendants, Plaintiff's insistence on
19 continuing to pursue his federal action once the County dismissed
20 its state court claim in February of 2005 brings his conduct
21 within the purview of § 1927, and hence justifies the award of
22 attorneys' fees.

23     As Defendant County concedes, however, its original February
24 2005 dismissal of the state court action was without prejudice.
25 (Decl. of J. Scott Smith, ¶ 4).

26 ─────────────

27     [2] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing. E.D.
28 Cal. Local Rule 78-230(h).

3

1  That designation caused the Ninth Circuit, who heard Plaintiff's
2  appeal from this Court's decision to stay these proceedings
3  pending resolution of the County's state court lawsuit, to
4  determine that the matter was not yet moot.  As the Ninth
5  Circuit's November 15, 2005 Memorandum Disposition stated:

> "We decline to hold that the whole case has now become moot.
> The dismissal of the County action without prejudice does
> not preclude it from continuing to press its contract claim,
> and does not meet the stringent mootness standards regarding
> the case itself.  Also, the controversy that Morgan has with
> the County is not resolved."

(Mem. Dispo., p. 3, Ex. "C" to the Decl. of J. Scott Smith filed
in support of Motion for Judgment on the Pleadings).

     It was only after receipt of this ruling that the County
amended its dismissal of the state court action to terminate the
lawsuit with prejudice.  Plaintiff still refused to voluntarily
dismiss the present case, however, which prompted Defendants to
move for judgment on the pleadings.  By Memorandum and Order
filed June 29, 2006, this Court granted that motion on grounds
that the entire controversy had become moot.

     As the Ninth Circuit's decision made clear, Plaintiff's
conduct in refusing to dismiss his action in the face of a
dismissal without prejudice, only, cannot constitute sanctionable
conduct justifying the award of attorneys' fees under § 1927.
Plaintiff's controversy with the County was not yet extinguished
given the equivocal nature of that dismissal.  Once the County
amended its dismissal to include a "with prejudice" designation,
however, that controversy was definitively put to rest.
///
///
///

4

As set forth in the Court's June 29, 2006 Memorandum and Order, the November 2005 dismissal not only precluded any claims under the Fair Labor Standards Act, but also mooted Plaintiff's other claims, which alleged violations of rights stemming from enforcement of his Employment Contract.

The Court finds that Plaintiff's refusal to dismiss the action after the November 23, 2005 dismissal with prejudice, despite defense counsel's letter of November 30, 2005 requesting such dismissal (see Ex. "B" to the Decl. of J. Scott Smith), did constitute an unreasonable multiplication of proceedings calling for § 1927 sanctions.  Plaintiff simply had no legally justifiable reason for continuing to maintain this lawsuit once the County unequivocally abandoned any attempt to enforce the Employment Agreement that formed the basis for the present action.  Sanctions in the amount of defense counsel's billings after November 30, 2005 will therefore awarded pursuant to § 1927 in the amount of $5,332.50.[3]

We next turn to Defendants' alternative request for attorney's fees under 42 U.S.C. § 1988, which provides that a prevailing party in a § 1983 action may, in the court's discretion, be awarded a reasonable attorneys' fee.  Such fees should be awarded, however, only where the underlying § 1983 action is frivolous, unreasonable, or without foundation, and not because simply because the plaintiff ultimately failure to prevail on the claim.   <u>Hughes v. Rowe</u>, 449 U.S. 5, 14 (1980).

---

[3] This figure is derived from defense counsel's February 17, 2006 billing for attorneys' fees in the amount of $858.00, plus the subsequent June 21, 2006 billing for $4,674.50.  See Ex. "D" to the Decl. Of J. Scott Smith.

5

This is a stringent burden.

Defendants argue that there was never any basis for a § 1983 claim, and as indicated above contend that they should be recompensed for their entire $43,799.00 in attorneys' fees because the fees incurred in defending the § 1983 claim cannot be separated from fees incurred in defending the case as a whole.

The Court rejects Defendants' contention that Plaintiff's § 1983 claim was entirely frivolous so as to merit the award of any attorneys' fees under § 1988.  In support of his § 1983 claim, for example, Plaintiff claims that the unconstitutional conditions doctrine (pursuant to which a governmental entity cannot exact waivers of certain rights as a condition of benefits) applies in that Plaintiff was required to waive his property right to wages in signing an employment contract requiring reimbursement of those wages under certain conditions. The validity of the unconstitutional conditions doctrine has been recently recognized by the Ninth Circuit in U.S. v. Scott, 450 F.3d 863, 866 (9th Cir. 2006).  While Scott is admittedly factually distinguishable from the case at bar, in involving waivers of Fourth Amendment rights as opposed to the property rights alleged by Plaintiff herein, that does not mean that Plaintiff's attempt to expand application of the doctrine to the present case is patently frivolous and/or unreasonable pursuant to the high bar set for an award of attorneys' fees under § 1988. A good faith attempt to launch a novel theory does not merit § 1988 assessment of attorneys' fee for undertaking such an effort. Legal Servs. of N. Cal., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997).

Based on the foregoing, Defendants' Motion for Attorneys' Fees is GRANTED in the amount of $5,332.50 pursuant to 28 U.S.C. § 1927.  Given the language of the statute, which provides that an offending attorney may be required to "satisfy personally" attorneys fees made necessary by his unreasonable and vexatious conduct,[4] attorney Webster is ordered to remit that amount to counsel for Defendants not later than thirty (30) days following the date of this Order.  Defendants' request that the remainder of attorneys' fees expended in this litigation be awarded under either § 1927 or 42 U.S.C. § 1988 is, however, DENIED.

IT IS SO ORDERED.

DATED: September 18, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] See also New Alaska Dev. Corp. v. Guetschow, 869 F.2d at 1306 ("[t]he statute only authorizes sanctions against [the lawyer] in his capacity as attorney").